**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| C.S., *a minor by his next friend Robert Smith*, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:26-CV-154 HEA |
| | ) | |
| v. | ) | |
| | ) | |
| ROCKWOOD R-VI SCHOOL DISTRICT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court on Defendants Rockwood R-VI School District (the "District") and Dr. Curtis Cain's unopposed motion pursuant to Local Rule 13.05 for continued sealing of an exhibit filed in this case. (ECF No. 34). For the reasons that follow, Defendants' motion is granted.

Plaintiff C.S., a minor, filed suit against Defendants seeking judicial review pursuant to Mo. Rev. Stat. § 167.131 of his suspension from high school. Plaintiff also brought a claim pursuant to 42 U.S.C. § 1983 alleging a due process violation under the Fourteenth Amendment to the United States Constitution. For relief, Plaintiff sought, among other things, a temporary restraining order ("TRO") and a preliminary injunction against Defendants.

Defendants filed an Answer to Plaintiff's Complaint and attached a redacted copy of the Findings of Fact and Conclusions of Law and Decision from the District's Board of Education. (ECF No. 21, Ex. 1). Defendants attached the same redacted exhibit to their Memorandum in Opposition to Plaintiff's Motion for a TRO and Preliminary Injunction. (ECF No. 23, Ex. 1). Defendants then moved, pursuant to Local Rule 13.05, for leave to file under seal an unredacted copy of the Board's Findings of Fact and Conclusions of Law and Decision. (ECF No. 24). The Court granted the motion, and it is this document Defendants seek to keep under seal indefinitely. (ECF No. 25, Ex. 1).

In support of keeping the exhibit under seal, Defendants argue that the Board's Findings of Fact and Conclusions of Law and Decision is a student education record that contains "personally identifiable information" as defined by 34 C.F.R. § 99.3. Defendants contend that the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g, prohibits disclosure of education records with personally identifiably information to third parties without prior written consent. Defendants represent that they do not have consent to disclose the information in the document at issue to other third parties beyond the parties to this suit. They ask that the Court allow the document to remain under seal indefinitely, due to the confidential nature of the students' personal health and educational information

contained within the educational record and the legal requirement to maintain such record as confidential.

Court proceedings and filings are "presumptively public." *United States v. Gray*, 59 F.4th 329, 332 (8th Cir. 2023). The "right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and to keep a watchful eye on the workings of public agencies." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (internal citations omitted). But the right to access judicial records "is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 597–98 (1978)). "Whether the common-law presumption can be overcome is determined by balancing 'the interests served by the common-law right of access ... against the salutary interests served by maintaining confidentiality of the information sought to be sealed.'" *Flynt*, 885 F.3d at 511 (quoting *IDT Corp.*, 709 F.3d at 1223). "The presumption of public access may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Id.* (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

Given the sensitive nature of the information contained in the exhibit at issue, the fact that the information pertains to minors, and that legal requirement to maintain such records as confidential under FERPA, the Court finds that there are "compelling reasons" to maintain the exhibit under seal. *Flynt*, 885 F.3d at 511; *see*

*also Page v. St. Charles R-Vi Sch. Dist.*, No. 4:25-CV-1132 MTS, 2026 WL 878942, at *2 (E.D. Mo. Mar. 31, 2026) (finding compelling reasons to maintain educational records under seal). The Court will grant Defendants' Motion for continued sealing indefinitely.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Rockwood R-VI School District and Dr. Curtis Cain's Motion for Continued Sealing Exhibit A to Defendants' Answer and Affirmative Defenses and Exhibit A to Defendants' Memorandum in Opposition to Plaintiff's Motion for a TRO and Preliminary Injunction is **GRANTED**. [ECF No. 34]

**IT IS FURTHER ORDERED** that the Clerk of Court shall maintain ECF No. 25 and the exhibit attached thereto under seal indefinitely.

Dated this 3rd day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE